## STONE *v.* MCKINNEY ET UX.

BILL OF EXCEPTIONS.—A bill of exceptions filed after the expiration of the time given within which to file the same does not become a part of the record.

From the Warrick Circuit Court.

*C. Denby, I. S. Moore,* and *D. B. Kumler,* for appellant.

*L. Q. DeBruler, C. A. DeBruler, W. F. Parrett,* and *R. S. Hicks,* for appellees.

BUSKIRK, J.—This was an action brought by Stone against McKinney and wife, to recover the amount of a note payable by McKinney to Stone, and the foreclosure of a mortgage given by McKinney and wife to secure the payment of the note.

The defendants in their answer admitted the execution of the note and mortgage and pleaded by way of a set-off, that in the year 1868, McKinney and Stone entered into a co-partnership in the purchase and sale of tobacco, to last for one year; that by the terms of the co-partnership, McKinney was to purchase the tobacco, prize it, and fit it for market, and Stone was then to take charge of it and ship and sell; The profits and loss to be equally divided; that in pursuance of the co-partnership, McKinney purchased and prepared for market two hundred and forty-seven thousand pounds of tobacco and turned it over to Stone for shipment and sale; that Stone received, as net profits upon the transaction, ten thousand dollars, but accounted to McKinney for three thousand five hundred only, and settled with him upon that basis of profit; and that to equalize the accounts of the co-partnership upon the settlement, McKinney gave Stone the note sued upon in this action, he, McKinney, not knowing at the time the amount of profits realized by Stone, and believing his representations as to the amount to be true. He offers to set off the amount due him from Stone on account of the partnership against the note, and asks for judgment for the residue.

There was a reply in denial and trial by jury resulting in a verdict in favor of the defendants as to the plaintiff's cause of action, and a finding in favor of McKinney, and against the plaintiff, upon the set-off, in the sum of three hundred and thirty-two dollars and forty-five cents.

The plaintiff moved for a new trial, assigning therefor the following causes:

1. That the verdict is contrary to law.

2. That it is contrary to the evidence.

3. That the damages are excessive.

4. That the court erred in permitting the testimony of Miller hereinbefore set out to be given.

5. That the court erred in refusing the first instruction asked by appellant.

6. That the court erred in refusing to give the third instruction asked by the appellant.

7. That the court erred in refusing to give the fifth instruction asked by appellant.

8. That the court erred in refusing to give the sixth instruction asked by appellant.

9. That the court erred in not reducing instructions given in writing.

10. The same as ninth.

The error relied upon for a reversal of the judgment is the overruling of the motion for a new trial.

Counsel for appellees have filed a supplemental brief, in which the point is made and insisted upon that the evidence is not in the record, and that consequently no question is presented for our decision.

The judgment was rendered on the —— day of March, 1871. Sixty days were granted in which to file a bill of exceptions. The bill was signed by the judge on the —— day of May, 1871. It affirmatively appears by the record that it was not filed until the 9th day of September, 1871, which was nearly four months after the time limited by the court.

An examination of the causes for a new trial will show

that no question arises in the record for our decision, in the absence of the evidence.   There is one general bill of exceptions intended to embrace all the questions in the case, and it would have done so, if it had been filed in time.   The questions mainly discussed and relied upon were, the admission of incompetent evidence, and the refusal of the court to give proper instructions.   The bill of exceptions not being in the record, we have no means of knowing what evidence was improperly admitted, or what instructions were wrongfully refused.

The judgment is affirmed, with  costs.